**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff‑Appellee,

v.

DAVID NEAL CLARY,

        Defendant‑Appellant.

No. 09‑7099
(D.C. No. 6:08‑CR‑00081‑JHP‑1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **HARTZ**, Circuit Judges.

Pursuant to a plea agreement, David Neal Clary pleaded guilty to being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The

government has moved to enforce the plea agreement's appeal waiver.  *See*

*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per

curiam).  In response, Mr. Clary does not oppose the motion because he

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

"concedes that, under the standard announced in . . . *Hahn* . . ., the plea agreement, with its waiver of his right to appeal, is enforceable." Aplt. Resp. at 1. Although we are not required to address a *Hahn* factor that the defendant does not contest, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), we have independently confirmed that this appeal is within the scope of Mr. Clary's appellate waiver, that Mr. Clary knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. To the extent that Mr. Clary wishes to challenge counsel's effectiveness, such issues generally should be raised in a motion under 28 U.S.C. § 2255. *See Porter*, 405 F.3d at 1144.

The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM